Territorial Law Library

FILED
SUPERIOR COURT
OF GUAM

2012 JUL -5 PM 1: 38

CLERK OF COURT

BY _____

## IN THE SUPERIOR COURT OF GUAM

LOURDES B.Q. TENORIO,
individually and on behalf of all those
similarly situated,

                    Plaintiff,

    vs.

GUAM MEMORIAL HOSPITAL
AUTHORITY

                  Defendant.

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CIVIL CASE NO. CV0649-11

**ORDER FOR FURTHER BRIEFING**

## INTRODUCTION

This matter came before the court on March 5, 2012, on Defendant Guam Memorial Hospital Authority's Motion to Dismiss. Attorney Thomas J. Fisher represented Defendant, Guam Memorial Hospital Authority ("GMHA"). Attorney Jesse N. Nasis represented Plaintiff, and the purported Class. Following a hearing the Court took the matter under advisement. After considering the parties' arguments and applicable law, this Court has identified additional issues that require further briefing by the parties.

## FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff alleges that during various pay periods, spanning a period of years GMH failed to pay employee and employer contributions to the Government of Guam Retirement Fund as required by law. Plaintiff filed a Complaint for unpaid wages under the Minimum Wage and Hour Act of Guam ("MWHA"). Plaintiff

requests damages on her own behalf and on behalf of a purported class consisting of individuals employed by GMHA over the periods of alleged nonpayment.

GMHA filed a motion to dismiss under Guam Rules of Civil Procedure 12(b)(1) and (6) arguing that this Court lacks subject matter jurisdiction over the action. In its motion, GMHA argues that dismissal is appropriate for three reasons. First, GMHA claims that Plaintiff failed to follow administrative procedures set forth in rules promulgated by the Director of Labor or GMHA, and that this failure to exhaust remedies deprives the court of jurisdiction. Second, GMHA argues that Plaintiff's claims relating to years prior to 2010 are barred by the statute of limitations. Finally, GMHA asserts that the law does not allow for payment of retirement contributions to Plaintiff individually, or to other members of the class and, therefore, this Court cannot grant Plaintiff's primary request for relief in the form of money damages paid to plaintiff. For all these reasons, each of which Plaintiff opposes, GMHA asserts that this Court lacks subject matter jurisdiction over this matter.

## DISCUSSION

While Defendant's motion raises relevant jurisdictional arguments, this Court identifies an additional issue related to this court's exercise of subject matter jurisdiction in the present case.

The Territory of Guam enjoys sovereign immunity from lawsuits except with respect to particular contract and tort claims for which the legislature has expressly waived immunity. 42 U.S.C. § 1421(a); 5 G.C.A. § 6105; Marx v. Gov't of Guam, 866 F.2d 294, 298 (9th Cir. 1989); Newby v. Gov't of Guam, 2010 Guam ¶ 31 ("Sovereign immunity can only be waived by duly enacted legislation [and] absent such legislation, the Government cannot be sued."). Under the Government Claims Act, 5 GCA § 66101, *et seq.*, "[s]overeign immunity is explicitly waived by statute for certain governmental actions that are contractual in nature or that sound in tort." Guam Police Dep't. v. Superior Court, 2011 Guam 8 ¶ 8. But even when an action

against the Government is based in contract or tort, a plaintiff must generally file a government claim under the Government Claims Act as a prerequisite to maintaining an action in the Superior Court of Guam. See 5 GCA § 6208.

Given this brief context relating to the doctrine of sovereign immunity and the Government Claims Act, this Court directs the parties to submit memoranda of law and authority in response to the following question:

1) Does the MWHA constitute a separate and distinct waiver of sovereign immunity that is free from the procedural requirements of the Government Claims Act; or must a government employee who wishes to file a wage claim under the MWHA that is based on an underlying written or implied oral employment contract comply with the Government Claims Act?

The parties shall file responses to the above question by July 20, 2012. The parties, if they so choose, may file oppositions by August 3, 2012, and Replies by August 9, 2012. The Court will take the matter under advisement based on the briefs.

**SO ORDERED** this 5th day of July, 2012.

JUL 0 5 2012

_____
HONORABLE ALBERTO C. LAMORENA, III
Presiding Judge, Superior Court of Guam

I do hereby certify that the foregoing is a full true and correct copy of the original on file in the office of the clerk of the Superior Court of Guam

JUL 0 5 2012

Domingo M. Nego
Deputy Clerk, Superior Court of Guam

ORIGINAL

-3-